## Stine v. Maytag Company

*Craig A. Stone,* for plaintiffs.
*George D'Angelo,* for defendant Maytag Co.
*George F. Douglas,* for defendant Squires Appliances, Inc.
*Donald J. P. Sweeney,* for additional defendant.

### FACTUAL BACKGROUND

SHEELY, *P.J.,* January 12, 1984—Plaintiffs filed suit against defendants (The Maytag Company and Squires Appliances, Inc.) on January 29, 1982. The suit asked for compensation for damages from a fire allegedly caused by a defective clothes dryer manu-

factured by Maytag and sold by Squires. The company that manufactured the thermostat controls in the allegedly defective dryer, Therm-O-Disc, Inc., was later added as an additional defendant.

From the time of the filing of the suit until the present, all manner of discovery among the four parties involved has taken place. The three motions before the court currently all deal with the pre-trial discovery process.

## I. ADDITIONAL DEFENDANT'S (THERM-O-DISC) MOTION TO COMPEL DISCOVERY

Additional defendant, Therm-O-Disc, has asked this court to compel plaintiffs to produce an expert report by a William S. Emery. Mr. Emery was among those who inspected the scene of the fire and the remains of the clothes dryer in question. Mr. Emery was deposed during the discovery process. During that deposition, Mr. Emery revealed that he prepared an expert's report on the fire and gave a copy to plaintiffs.

In asking the court to compel the production of the report, the additional defendant assumes that Mr. Emery would be called as an expert witness at trial; however, in their answer, plaintiffs say that they have not yet determined if they will call Mr. Emery as an expert witness at trial.

Pa.R.C.P. 4003.5(a)(3) states: "A party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who *is not expected* to be called as a witness at trial . . ." (Emphasis added.)

In a situation such as this, the court can base its decision only on what the party against whom discovery is sought claims. In its answer plaintiffs

claim that they have not retained William S. Emery at this time to serve as their expert witness at trial.

The purpose of Rule 4003.5(a)(3) is to allow parties to consult freely with experts without allowing adverse parties to obtain opinions of those witnesses which may be harmful to the consulting parties' case. Common pleas courts have gone far to protect the rights of consulting parties not to have experts discovered. Recently, courts have even ruled that the moving party could not even obtain the names and addresses of witnesses who will not be called at trial. Goldblum v. Ins. Co.of North America, 127 Pitts. L.J. 249 (1979); Philadelphia Electric Co. v. Nuclear Energy Liability-Property Ins. Association, 10 D.&C. 3d 340 (1979).

There are exceptions to the rule against discovery of experts not expected to be called as witnesses at trial. Rule 4003.5(a)(3) says that the exceptions apply to

"a medical expert as provided in Rule 4010(b) . . . [and] . . . to any other expert upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means, subject to such restrictions as to scope and such provisions concerning fees and expenses as the court may deem appropriate."

The additional defendants have shown no "exceptional circumstances" which would take them outside the general rule denying discovery. It is as easy for the additional defendant to obtain expert reports on the fire as it is for plaintiffs.

A reading of Rule 4003.5(a)(3) compels this court to deny additional defendant's petition to compel production of the expert report.

## II. PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiffs had before this court motions to compel discovery against both Maytag and Therm-O-Disc. The motions as to Maytag appear to be settled. On October 19, 1983 Maytag was given 30 days to provide full and complete answers to interrogatories Nos. 3, 4, 24, 28 and 29. It appears from the record that defendant Maytag has complied with that order.

The motions as to Therm-O-Disc appear to be settled as well. The additional defendant filed an answer to plaintiff's motion for sanctions to compel full and complete answers to interrogatories and requests for production of documents. In the answer, the additional defendant claims that it filed and served upon all counsel full and complete answers to the interrogatories and requests on November 7, 1983. Since nothing appears on record that would indicate these replies were insufficient, the court assumes the additional defendant has complied with the plaintiffs' request.

## III. ADDITIONAL DEFENDANT'S (THERM-O-DISC) MOTION TO MAKE RULE ABSOLUTE

The rule was made absolute October 16, 1983. It appears from the record that Maytag has complied.

## ORDER OF COURT

And now, this January 12, 1984, additional defendant's petition to compel production by plaintiff of an expert report is denied. Plaintiffs at this stage of the proceedings are not required to produce the report of William S. Emery, P.E., concerning Mr. Emery's inspection and investigation of the scene of the accident which is at issue in this case.